IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FARRELL BENTLEY, DERON JONES, and GLENN MITCHELL on behalf of themselves, and all others similarly situated, | )<br>)<br>)<br>) |
| | ) Civil Action No. |
| Plaintiffs, | )<br>) JURY TRIAL DEMANDED |
| vs. | )<br>) |
| AMERICAN MATTRESS, INC., FRANK DEMAIO, individually, and MICHAEL KENNA, individually, | )<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

Plaintiffs Farrell Bentley, Deron Jones and Glenn Mitchell on behalf of themselves and all others similarly situated, (herein "Plaintiffs"), bring this action against Defendants American Mattress, Inc., Frank DeMaio, and Michael Kenna (collectively "Defendants") and state as follows:

### Nature of Plaintiffs' Claims

1. This is a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and a class action under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, to recover unpaid overtime wages.

2. Plaintiffs and others similarly situated worked for Defendants as salaried Sales Managers and Assistant Sales Managers at Defendants' mattress stores.

3. During the prior three years, Defendants regularly required Plaintiffs and other Sales Managers and Assistant Sales Managers to work more than 40 hours per week.

4.     In one or more work weeks during the prior three years, Plaintiffs and other Sales Managers and Assistant Sales Managers were not paid overtime at one and one-half times their regular rates for all their time worked in excess of 40 hours per week.

5.     Defendants violated the FLSA and IMWL by classifying Plaintiffs and other Sales Managers and Assistant Sales Managers as exempt employees and failing to pay them overtime pay, even though the primary job duties of Sales Managers and Assistant Sales Managers were non-exempt from the overtime provisions of the FLSA and IMWL.

6.     Plaintiffs bring their FLSA claims as a collective action. Plaintiffs' FLSA consent forms are attached hereto as Group Exhibit A.

## The Parties

7.     Plaintiff Farrell Bentley resides in and is domiciled in Lynwood, Illinois, within this judicial district.

8.     Plaintiff Bentley worked for Defendants from approximately February 2015 until November 2017.

9.     Since February 2015, Plaintiff Bentley worked for Defendants as a Sales Manager or Assistant Sales Manager at American Mattress, Inc. stores in: Matteson, Illinois; Evergreen Park, Illinois; Bridgeview, Illinois; Joliet, Illinois; Merrillville, Indiana; Portage, Indiana; Burbank, Illinois; Chicago Ridge, Illinois; Crestwood, Illinois; Lansing, Illinois; Oak Park, Illinois; Orland Park, Illinois; Frankfort, Illinois; and Chicago, Illinois.

10.    Plaintiff Deron Jones resides in and is domiciled in Chicago, Illinois, within this judicial district.

11.    Plaintiff Jones worked for Defendants from approximately January 2015 until July 2017.

2

12. Since January 2015, Plaintiff Jones worked for Defendants as a Sales Manager or Assistant Sales Manager at American Mattress, Inc. stores in: Matteson, Illinois; Evergreen Park, Illinois; Bridgeview, Illinois; Joliet, Illinois; New Lenox, Illinois; Tinley Park, Illinois; Oakbrook, Illinois; Downers Grove, Illinois; Orland Park, Illinois; Frankfort, Illinois; and various Chicago, Illinois locations.

13. Plaintiff Glenn Mitchell resides in and is domiciled in Park Forest, Illinois, within this judicial district.

14. Plaintiff Mitchell worked for Defendants from approximately January 2015 until August 2017.

15. Since January 2015, Plaintiff Mitchell worked for Defendants as a Sales Manager or Assistant Sales Manager at American Mattress, Inc. stores in: Matteson, Illinois; Evergreen Park, Illinois; Niles, Illinois; Oakbrook, Illinois, Elgin, Illinois; Tinley Park, Illinois; Orland Park, Illinois; Willowbrook, Illinois; Frankfort, Illinois; New Lenox, Illinois; Skokie, Illinois; and various Chicago, Illinois locations.

16. Defendant American Mattress, Inc. ("American Mattress") is a privately-owned premier bedding retailer, incorporated in Illinois.

17. During the last three years, Defendant American Mattress has operated more than 80 stores in Illinois and Indiana.

18. Defendant American Mattress, Inc. is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

3

19. Defendant Frank DeMaio is an owner of Defendant American Mattress and is involved in the day-to-day business operations of the company.

20. Among other things, Defendant DeMaio has the authority to hire and fire Plaintiffs and other Sales Managers and Assistant Sales Managers, to direct and supervise their work, to set Plaintiffs and other employees' hours of work, to sign on the checking accounts, and to participate in decisions regarding employee compensation and capital expenditures.

21. Upon information and belief, Defendant DeMaio resides in this judicial district.

22. Defendant Michael Kenna is an owner of Defendant American Mattress and is involved in the day-to-day business operations of the company.

23. Among other things, Defendant Kenna has the authority to hire and fire Plaintiffs and other Sales Managers and Assistant Sales Managers, to direct and supervise their work, to set Plaintiffs' and other employees' hours of work, to sign on the checking accounts, and to participate in decisions regarding employee compensation and capital expenditures.

24. Upon information and belief, Defendant Kenna resides in this judicial district.

25. Defendant American Mattress was Plaintiffs' "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

26. Defendant American Mattress was Plaintiffs' "employer" as that term is defined by the IMWL. 820 ILCS 105/3(c).

27. Plaintiffs were Defendant American Mattress' "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

28. Plaintiffs were Defendant American Mattress' "employees" as that term is defined the by IMWL. 820 ILCS 105/3(d).

29. Defendant DeMaio was Plaintiffs' "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

30. Defendant DeMaio was Plaintiffs' "employer" as that term is defined by the IMWL. 820 ILCS 105/3(c).

31. Plaintiffs were Defendant DeMaio's "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

32. Plaintiffs were Defendant DeMaio's "employees" as that term is defined by the IMWL. 820 ILCS 105/3(d).

33. Defendant Kenna was Plaintiffs' "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

34. Defendant Kenna was Plaintiffs' "employer" as that term is defined by the IMWL. 820 ILCS 105/3(c).

35. Plaintiffs were Defendant Kenna's "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

36. Plaintiffs were Defendant Kenna's "employees" as that term is defined by the IMWL. 820 ILCS 105/3(d).

## Jurisdiction & Venue

37. This Court has jurisdiction over Plaintiffs' FLSA collective action claims, which arise under U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

38. This Court has supplemental jurisdiction over Plaintiffs' IMWL class action claims pursuant to 28 U.S.C. § 1367.

39. Venue is proper in this judicial district because the facts and events giving rise to Plaintiffs' claims occurred within this judicial district. 28 U.S.C. § 1391.

**Background Facts**

40. During the prior three years, Defendants paid Plaintiffs and other Sales Managers and Assistant Sales Managers on a salary basis, plus spiffs and commissions based on sales.

41. Throughout Plaintiff Mitchell's and Plaintiff Jones' employment, Defendants paid Plaintiffs Mitchell and Jones a salary of $668 per week, plus any commissions or spiffs earned.

42. From the start of Plaintiff Bentley's employment through October 1, 2017, Defendants paid Plaintiff Bentley a salary of $668 per week, plus any commissions or spiffs earned.

43. As of October 1, 2017, Defendants paid Plaintiff Bentley and other Sales Managers and Assistant Sales Managers a salary of $600 per week, plus any commissions or spiffs earned.

44. Throughout their employment, Defendants regularly required Plaintiffs to work more than forty (40) hours per week.

45. During the prior three years, Defendants regularly required other Sales Managers and Assistant Sales Managers to work more than forty (40) hours per week.

46. Sales Managers and Assistant Sales Managers performed essentially the same job duties.

47. Plaintiffs and Defendants' other Sales Managers and Assistant Sales Managers spent the vast majority of their working hours engaged in non-managerial and non-exempt activities, such as:

   a. cleaning, vacuuming, and straightening the sales floor;
   b. cleaning the restrooms;
   c. doing inventory;

    d. reviewing the daily newspaper for competitor's ads;

    e. checking delivery confirmation reports; and

    f. interacting with customers.

  48. Plaintiffs and other Sales Managers and Assistant Sales Managers worked in Defendants' stores by themselves.

  49. During the prior three years, Defendants did not employ hourly employees to work under Defendants' Sales Managers and Assistant Sales Managers.

  50. Plaintiffs did not regularly direct or manage the work of two or more full-time employees in individual work weeks.

  51. Defendants' other Sales Managers and Assistant Sales Managers did not regularly direct or manage the work of two or more full-time employees in individual work weeks.

  52. Plaintiffs did not customarily or regularly exercise discretionary power in the performance of their job duties as Sales Managers and as Assistant Sales Managers for Defendants.

  53. Defendants' other Sales Managers and Assistant Sales Managers did not customarily or regularly exercise discretionary power in the performance of their job duties.

  54. Plaintiffs did not have the authority to hire other employees.

  55. Defendants' other Sales Managers and Assistant Sales Managers did not have the authority to hire other employees.

  56. Plaintiffs did not have the authority to fire Defendants' employees.

  57. Defendants' other Sales Managers and Assistant Sales Managers did not have the authority to fire Defendants' employees.

  58. Plaintiffs did not have the authority to determine other employees' rates of pay.

59. Defendants' other Sales Managers and Assistant Sales Managers did not have the authority to determine other employees' rates of pay.

60. During their employment, Plaintiffs did not make more than half of their compensation for a representative period of not less than one month as commissions on goods or services.

61. Upon information and belief, Defendants' other Sales Managers and Assistant Sales Managers did not make more than half of their compensation for a representative period of not less than a month as commissions on goods or services.

## Class Claims

62. Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

63. Plaintiffs and similarly situated employees claim that Defendants misclassified Sales Managers and Assistant Sales Managers as "executive employees" who are "exempt" from the overtime provisions of the IMWL.

64. The Class that Plaintiffs seek to represent is comprised of all persons employed by Defendants as Sales Managers or Assistant Sales Managers ("Class Members") in Illinois between November 9, 2014 and the present ("the Relevant Period") and who were paid on a salary basis.

65. This action may be properly maintained as a class action under Fed. R. Civ. P. 23.

66. The number of Class Members is so numerous that joinder of all members is impracticable.

67. Upon information and belief, Defendants employed more than 40 Class Members in Illinois during the Relevant Period.

68. The precise size and the identity of other Class Members is ascertainable from the business records, tax records, and/or employee or personnel records maintained by Defendants.

69. There are questions of law or fact common to the Class Members that predominate over any questions affecting only individual members. These common questions of law or fact include, without limitation:

   a. Whether the primary duty of Plaintiffs and Class Members was managing Defendants' stores;

   b. Whether Plaintiffs and Class Members regularly directed or managed the work of two or more full-time employees;

   c. Whether Plaintiffs and Class Members customarily or regularly exercised discretionary power in the performance of their job duties;

   d. Whether Defendants misclassified Plaintiffs and Class Members as "exempt" employees under the IMWL;

   e. Whether Defendants required Plaintiffs and Class Members to work more than 40 hours during individual work weeks; and

   f. Whether Defendants failed to pay Plaintiffs and Class Members overtime pay at a rate of one and one-half times their regular rates when they worked more than 40 hours during individual work weeks.

70. Plaintiffs will fairly and adequately represent and protect the interests of the proposed Class Members.

71. Plaintiffs' Counsel are competent and experienced in litigating large wage and hour and other employment class actions.

72. Plaintiffs' Counsel have been appointed as class counsel in other misclassification

class actions.

73. If individual actions were required to be brought by each member of the Class, it would necessarily result in a multiplicity of lawsuits and would create a hardship to Class Members, to Defendants, and to the Court.

74. The damages suffered by individual proposed Class Members are small compared to the expense and burden of vigorous individual prosecution of this litigation against Defendants.

75. Thus, a class action is an appropriate method for the fair and efficient adjudication of this controversy.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages
### (Collective Action)

Plaintiffs hereby incorporate the foregoing paragraphs as if fully set forth herein.

76. This count arises from Defendants' violation of the FLSA, 29 U.S.C. § 201, *et seq.,* for Defendants' failure to pay Plaintiffs and other similarly situated Sales Managers or Assistant Sales Managers their owed overtime pay.

77. During the Relevant Period, Defendants regularly required Plaintiffs and other Sales Managers and Assistant Sales Managers to work more than forty (40) hours per week.

78. Defendants failed, however, to pay Plaintiffs and other Sales Managers or Assistant Sales Managers overtime compensation at one and one-half times their regular rates for their time worked in excess of forty (40) hours.

79. Instead, Defendants paid Plaintiffs and other Sales Managers and Assistant Sales Managers their straight-time rate of pay for all hours worked.

80. During their employment with Defendants, Plaintiffs were not executive employees or otherwise exempt from the overtime provisions of the FLSA.

81. Defendants' Sales Managers and Assistant Sales Managers were not executive employees or otherwise exempt from the overtime provisions of the FLSA.

82. Defendants' failure to pay overtime compensation to Plaintiffs and other Sales Managers and Assistant Sales Managers during the Relevant Period was a willful violation of the overtime provisions of the FLSA, 29 U.S.C. § 207.

83. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs and other Sales Managers or Assistant Sales Managers have suffered a loss of income and other damages.

WHEREFORE, Plaintiffs and other Sales Managers or Assistant Sales Managers pray for judgment against Defendants as follows:

    A. A determination that Plaintiffs and other Sales Managers and Assistant Sales Managers were not exempt from the overtime provisions of the FLSA;

    B. Judgment in the amount of the overtime wages owed to Plaintiffs and all other similarly-situated employees who opt-in in this action pursuant to 29 U.S.C. § 216(b);

    C. Liquidated damages in an amount equal to the amount of unpaid overtime wages owed;

    D. Reasonable attorneys' fees and costs incurred in prosecuting this action; and

    E. Such other and further relief as this Court deems appropriate and just.

### COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages
### (Class Action)

Plaintiffs hereby incorporate the foregoing paragraphs as if fully set forth herein.

84. This count arises from Defendants' violation of the IMWL, 820 ILCS 105/4a, for their failure to pay Plaintiffs and the Class Members they seek to represent their owed overtime pay for time worked in excess of forty (40) hours per week.

85. During the Relevant Period, Defendants regularly required Plaintiffs and Class Members to work more than forty (40) hours per week.

86. Defendants failed, however, to pay Plaintiffs and Class Members overtime wages at one and one-half times their regular rates of pay for their time worked in excess of forty (40) hours per week.

87. Instead, Defendants paid Plaintiffs and Class Members their straight-time rate of pay for all hours worked.

88. Plaintiffs and the Class Members were not executive employees or otherwise exempt under the IMWL.

89. As a direct and proximate result of Defendants' violation of the IMWL, Plaintiffs and the Class have suffered a loss of income and other damages.

WHEREFORE, Plaintiffs and the proposed Class pray for judgment against Defendants as follows:

    A. A determination that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23 and appointing Plaintiffs as the Class Representatives and their counsel as Class Counsel;

    B. A determination that Plaintiffs and the Class were non-exempt employees subject to the overtime provisions of the IMWL;

    C. Judgment in the amount of unpaid overtime wages owed to Plaintiffs and the Class pursuant to the overtime provisions of the IMWL;

    D. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

      E.      Reasonable costs and attorneys' fees incurred in prosecuting this action;

      F.      Such other and further relief as this Court deems appropriate and just.

      Respectfully submitted,

Date: November 10, 2017      s/Douglas M. Werman
      One of Plaintiffs' Attorneys

Douglas M. Werman
Maureen A. Salas
Sarah J. Arendt
Steven P. Schneck
Werman Salas P.C.
77 W. Washington, Suite 1402
Chicago, IL 60602
(312) 419-1008

Attorneys for Plaintiffs

13